IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JAMES LEE BYRD, PRO SE, § | |
| TDCJ-CID # 1260737, § | |
| Previous TDCJ-CID #339128, § | |
| Previous TDCJ-CID #409414, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:09-CV-0312 |
| § | |
| JOHN H. ADAMS, JAMIE L. BAKER, and § | |
| DHIRAJLAL PATEL, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

Plaintiff JAMES LEE BYRD, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff claims he is only provided one roll of toilet paper per week and that he has had to utilize substitutes such as writing paper, newspaper, and cloth. Plaintiff complains he has developed irritation, peeling skin, and bleeding hemorrhoids as a result, for which he received treatment by defendant PATEL in the form of hemorrhoid ointment and hydrocortisone cream.

Plaintiff requests an award of $7,000.00 and that the prison be ordered to provide all inmates as much toilet paper as needed.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

In its prohibition of "cruel and unusual punishments," the Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)). While there is no static test to determine whether conditions of confinement are cruel and unusual, punishment rises to the level of an Eighth Amendment violation only if it involves an "'unnecessary and wanton infliction of pain.'" *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104,

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)(*Estelle* quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)).

A prisoner asserting a claim that conditions of confinement constituted cruel and unusual punishment must show deliberate indifference on the part of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The appropriate definition of "deliberate indifference" under the Eighth Amendment is "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v. Collins*, 27 F.3d. 174 (5th Cir. 1994). In this regard the Supreme Court has cautioned:

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979. It is only under exceptional circumstances that a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk.

As to defendant ADAMS, plaintiff says he didn't actually deny plaintiff any toilet paper but he is responsible for the actions of all personnel at his facility. The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981)(*per curiam*). Plaintiff has acknowledged there was no personal involvement by defendant ADAMS and has alleged no fact

showing any causal connection between his acts or omissions and the alleged constitutional violation. Consequently, plaintiff's allegation against defendant ADAMS, based solely upon his supervisory position, lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to defendant BAKER, plaintiff claims she "ignored and fail[sic] to react to [his] health problem as well as the actions of guards under her supervision whom [sic] was promoting cruel and unusual acts against [plaintiff]." Plaintiff gives no information about any specific complaint he made to defendant BAKER or what position she holds that gives her supervisory power over high security officers. The Court notes defendant BAKER is the Assistant Warden who responded to plaintiff's Step 1 grievance no. 2009210946, attached to his complaint. To the extent plaintiff's claim against defendant BAKER is based upon an alleged failure to adequately investigate and satisfactorily resolve his grievance on this matter, the narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Thus, a claim based on BAKER's role in the grievance process lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). To the extent plaintiff's claim against defendant BAKER rests on some other factual basis, plaintiff has failed to provide those facts and has,

therefore, failed to state a claim on which relief can be granted.

Lastly, plaintiff sues defendant Dr. PATEL. Plaintiff claims Dr. PATEL "didn't give [plaintiff] the medical care [plaintiff] was entitled to, or attention as needed to treat both short-term conditions and long-term illnesses." Plaintiff further states the "medical care provided wasn't able to be adequate without the requested rolls of toilet paper to clean and prevent hemorrhage hemorrhoids." Plaintiff makes it clear that defendant PATEL prescribed both hemorrhoid ointment and hydrocortisone cream. Thus, it appears his only complaint is that defendant Dr. PATEL did not prescribe extra toilet paper for plaintiff. The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). A prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997). Plaintiff has alleged no fact showing his treated hemorrhoids or his use of toilet paper substitutes constitutes a substantial risk of serious harm to plaintiff's health or safety, or that defendant Dr. PATEL considers them a substantial risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). Plaintiff has failed to state a claim of deliberate indifference against defendant PATEL.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the recommendation of the Magistrate Jude to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JAMES LEE BYRD be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE

FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

IT IS SO RECOMMENDED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

ENTERED THIS 5TH DAY OF JANUARY, 2010.

*(signature)*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).