**FILED**
**JANUARY 20, 2010**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| JAMES LEE BYRD, PRO SE, | § | |
| TDCJ-CID # 1260737, | § | |
| Previous TDCJ-CID #339128, | § | |
| Previous TDCJ-CID #409414, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:09-CV-0312 |
| | § | |
| JOHN H. ADAMS, JAMIE L. BAKER, and | § | |
| DHIRAJLAL PATEL, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**

Plaintiff JAMES LEE BYRD, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed *in forma pauperis*.

On January 5, 2010, a Report and Recommendation was issued by the United States Magistrate Judge analyzing plaintiff's claims and recommending dismissal with prejudice as frivolous and without prejudice for failure to state a claim on which relief can be granted.

Plaintiff filed his Objections on January 12, 2010. By his Objections, plaintiff focuses his claim against defendant ADAMS to argue ADAMS is liable because he made or carried out a policy or practice limiting each prisoners in ECB[1] to a single roll of toilet paper per week, while allowing general population inmates a second roll on request. Plaintiff claims he has developed

---

[1] Plaintiff is housed in the High Security section of the Clements Unit and offers no definition for the abbreviation, "ECB."

irritation, peeling skin, and bleeding hemorrhoids as a result of using toilet paper substitutes such as newspaper, writing paper, and cloth for which he received treatment by defendant PATEL in the form of hemorrhoid ointment and hydrocortisone cream.

In the absence of direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must show that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. *Lozano v. Smith*, 718 F.2d 756, at 768 (5th Cir.1983)(causal connection must exist between the actions of the official and the constitutional violation sought to be redressed). Nevertheless, the policy plaintiff describes is not affirmatively wrongful. It provides what would normally be an adequate amount of toilet paper for one person for one week and allows the provision of more toilet paper if a doctor finds it to be necessary.

Accepting the causal connection between the use of toilet paper substitutes and plaintiff's bleeding hemorrhoids, the limitation of his supply of toilet paper to one roll per week does not deprive plaintiff of the "minimal civilized measure of life's necessities." *See, Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). Further, the fact that plaintiff has suffered irritation, peeling skin, and bleeding hemorrhoids for which he received treatment in the form of hemorrhoid ointment and hydrocortisone cream, does not show plaintiff has been subjected to an "'unnecessary and wanton infliction of pain.'" *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998)(quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)(*Estelle* quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d

859 (1976)). The facts presented by plaintiff do not state a claim of deliberate indifference against defendant ADAMS.

As to plaintiff's argument that he should be allowed to amend his complaint pursuant to Rule 15, Federal Rules of Civil Procedure, plaintiff has not moved to amend and has not been denied leave to amend.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that this Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this 20th day of January, 2010.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE